United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-30141
Summary Calendar

_____

TIMOTHY MICHAEL ALBRITTON,

Plaintiff - Appellant

versus

PREMIER TITLE; PATRICK KELLER; CATHERINE DURNIN;
UNITED STATES INTERNAL REVENUE SERVICE;
WALLACE B. SCHNEIDAU; JUDITH J. GOMEZ; EVELYN FADDIS,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No.: 02-CV-1070-B

_____

Before JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Timothy Michael Albritton, pro se, filed a complaint against his sister, a title company and one of its employees, and the Internal Revenue Service and three of its employees. Albritton's complaint alleges that he was a one-sixth owner of a parcel of real estate located in Baton Rouge, Louisiana. He executed a power of attorney that appointed Stephen Albritton or Catherine Albritton Durnin as his agents, giving them the authority to sell his interest in the parcel. After the agents found a buyer for the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

property, a title search revealed a federal tax lien and a judgment lien. Albritton alleged that the net proceeds from the sale of the parcel, after paying off a mortgage, the federal tax lien, the judgment, and other costs, were $56,344.51. He alleged that the other five co-owners received their share of $11,263.32, but he received only a very small amount of money. Albritton alleged that the defendants violated his federal constitutional rights and Louisiana law.

The district court adopted the magistrate judge's recommendation, over Albritton's objections, and dismissed Albritton's claims against the Internal Revenue Service and its employees (Schneidau, Gomez, and Faddis) with prejudice, as frivolous and for failure to state a claim upon which relief may be granted within the meaning of 28 U.S.C. § 1915A(b)(1). The court held that Albritton's complaint did not state a claim against the IRS or its employees for a violation of his constitutional rights or of other federal law. The court noted that federal law provides a taxpayer with remedies to challenge an alleged improper assessment and collection of federal taxes, but those remedies do not include an after-the-fact lawsuit against the IRS and its employees for collecting on a lien, based on the Fair Debt Collection Practices Act, the Consumer Credit Protection Act, and the Freedom of Information Act. The district court declined to exercise supplemental jurisdiction over Albritton's state law

claims against Premier Title, Patrick Keller, and Catherine Durnin, and dismissed those claims without prejudice.

Based on our review of the record and our liberal construction of Albritton's brief, we conclude that the district court did not err by dismissing Albritton's complaint, essentially for the reasons stated in the magistrate judge's recommendation, adopted by the district court.

A F F I R M E D.